UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF MEDICAL INCORPORATED ASSOCIATION SMILE CREATE dba JINGUMAE ORTHODONTICS,<br><br>Applicant. | Case No.  21-mc-80111-VKD<br><br>**ORDER DENYING WITHOUT PREJUDICE EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicant Medical Incorporated Association Smile Create dba Jingumae Orthodontics ("Smile Create") has filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google").  Dkt. No. 1. Although the proposed subpoena is directed to Google, Smile Create will use the subpoena to obtain identifying and contact information for several individuals in Japan who have Google accounts.

The Court denies without prejudice the proposed subpoena.  Smile Create may submit an amended or supplemental application that addresses the Court's concerns about the scope of the proposed subpoena, as described below.

**I.    BACKGROUND**

According to the application, Smile Create operates an orthodontic dental office in Tokyo, Japan. Dkt. No. 1 at 2.  Between June 2019 and November 2020, Google users posted eight anonymous, negative reviews on Smile Create's Google Map review page.  Dkt. No. 2, Ex. A–H. The reviews describe poor dental care, rude employees, unskilled staff, and difficulty scheduling

1   appointments, among other grievances.[1]  *Id.*  Smile Create says that it intends to assert claims for

2   defamation in Japan against the person or persons responsible for writing the eight negative

3   Google reviews about Smile Create.  Dkt. No. 4 ¶ 1.  Smile Create requests permission to serve a

4   subpoena on Google seeking, for each account from which a negative review was posted, "[a]ll

5   DOCUMENTS identifying the user(s) of [the ACCOUNT] . . ., including all IP addresses, names,

6   addresses, e-mail addresses, and e-mail address or telephone numbers for recovery or alternate

7   purpose, and the name, address, and telephone number of [the ACCOUNT]."  For each account,

8   the subpoena asks for documents from the month and year of each negative review to the present

9   date.  Dkt. No. 5 at 7–9.

10  Smile Create's application is supported by the declarations of Dr. Yasuhiro Itsuki,

11  Marianne Mu, and Yuichi Nakazawa.  Dkt. Nos. 2–4.

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege.  28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004).  The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person."  *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted.  *Id.* at 264.  In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S.

---

[1] The Court relies on English translations of reviews written in Japanese.  *See* Dkt. No. 3.

United States District Court
Northern District of California

2

1   federal-court judicial assistance";
2   (3) whether the discovery request "conceals an attempt to circumvent foreign proof-
3   gathering restrictions or other policies of a foreign country or the United States"; and
4   (4) whether the discovery requested is "unduly intrusive or burdensome."
5 *Id.* at 264–65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to U.S. courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery the court authorizes must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

### III. DISCUSSION

#### A. Statutory Requirements

Smile Create's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Google, which has its principal place of business in this district. *See* Dkt. No. 4, Ex. I. Second, Smile Create requests this discovery for use in a civil action for defamation that it anticipates filing in Japan as soon as it learns the identities of the Google account holders responsible for the negative review postings. Dkt. No. 4 ¶ 1. This proceeding before a foreign tribunal appears to be within reasonable contemplations. *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation). Third, Smile Create, as the putative plaintiff in the contemplated civil action, is an interested person within the meaning of the statute.

#### B. *Intel* Factors

Even if the Court has the authority to grant Smile Create's § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

##### 1. Participation of Target in the Foreign Proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, Google will not be a party to the civil action Smile Create plans to bring in Japan, and the documents Smile Create seeks by subpoena are located within the United States. Dkt. No. 1 at 21; Dkt. No. 4 ¶ 29. Smile Create further contends that such evidence is outside the reach of a Japanese court's jurisdiction. *Id.* Under these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within the jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The Court finds this factor weighs in favor of authorizing service of the subpoena.

4

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (internal quotations and citation omitted). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84–85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery).

While Smile Create represents that Japanese courts have been receptive in other matters to assistance in discovery from the United States, the cases on which it relies do not actually support that proposition. *See* Dkt. No. 1 at 22. Neither case concerned Japanese courts' receptivity to discovery of the personal identifying information of individuals posting anonymous online reviews. First, in *Marubeni Am. Corp. v. LBA Y.K.*, the Second Circuit merely observed that "there is no evidence in the record of what discovery would be available in, or is acceptable to, the Japanese District Court in Tokyo." 335 F. App'x 95, 97–98 (2d Cir. 2009). Second, in *In re Ex Parte LG Elecs. Deutschland GmbH*, the discovery at issue concerned documents reflecting the transfer of intellectual property rights between private parties, not the personal identifying information of account holders. No. 12CV1197-LAB MDD, 2012 WL 1836283, at *1 (S.D. Cal. May 21, 2012).

But Mr. Nakazawa, an attorney for Smile Create who is licensed to practice in Japan,

5

asserts that he is aware of no restrictions or policies under Japanese law that would limit the gathering of evidence that Smile Create seeks here. Dkt. No. 4 ¶ 30. Therefore, in the absence of evidence that Japanese courts would object to Smile Create's use of the information sought in the subpoena, or that they more generally object to the judicial assistance of U.S. federal courts, the Court concludes that this factor weighs in favor of authorizing service of the subpoena.

### 3. Circumvention of Proof-Gathering Restrictions

Under this factor, the Court considers whether Smile Create's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'" *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal., Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal., Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies).

As noted above, Mr. Nakazawa asserts that he is aware of no restrictions or policies under Japanese law that would limit the gathering of evidence that Smile Create seeks here. Dkt. No. 4 ¶ 30. Smile Create also observes that evidence in Google's possession is outside the reach of a Japanese court's jurisdiction. *Id.* ¶ 29. In the absence of contrary information regarding the procedures acceptable to a Japanese court for identifying the Google account holders, the Court concludes that this factor weighs in favor of authorizing service of the subpoena.

### 4. Unduly Burdensome or Intrusive Discovery

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

1    Smile Create's attorney, Mr. Nakazawa, contends that the Google account holders'
2    identities are needed in order to bring a defamation lawsuit in Japan. Dkt. No. 4 ¶ 28. Smile
3    Create's proposed subpoena to Google seeks "all documents" identifying users of Google
4    accounts from which reviews were posted, including all IP addresses, names, addresses, e-mail
5    addresses, and e-mail address or telephone numbers for recovery or alternate purpose, and the
6    name, address, and telephone number of each account holder. Dkt. No. 5 at 7–9. The subpoena
7    seeks all such documents from the month and year of each posting to the present date. *Id.*

8    The application reflects that the earliest negative review was posted on June 19, 2019 and
9    the latest was posted on November 23, 2020. Thus, the subpoena potentially encompasses nearly
10   two years' worth of identifying information for the account holder for the earliest posting and at
11   least six months' worth of identifying information for the account holder for the latest posting.
12   The application does not explain why Smile Create requires identifying documents spanning
13   months or years to identify each account holder.

14   There is no question that the proposed subpoena intrudes upon the privacy interests of
15   Google account holders whose information Smile Create seeks, and the Court questions whether
16   the procedures typically available for addressing and resolving challenges to a subpoena served
17   pursuant to an ex parte application adequately protect the interests of the account holders here. As
18   a practical matter, individuals in Japan may not be able to easily invoke the available U.S. judicial
19   processes to object to the proposed subpoena, and it is not clear whether or to what extent Google
20   may act to protect the privacy interests of its account holders.

21   Here, Smile Create may address the Court's concerns about the breadth of the subpoena by
22   narrowing the scope of documents requested for each account so that each request is limited to
23   documents sufficient to identify (by name, telephone number, email address and mailing address)
24   the person or persons who used or controlled each account on the date each negative review was
25   posted. Alternatively, Smile Create may file an amended or supplemental application that
26   explains why it requires the broader range of documents listed in its proposed subpoena.

27   The Court's concerns about the account holders' privacy interests can be addressed by
28   adopting procedural protections to ensure that any objections an account holder may have to

7

disclosure of his or her information are addressed by the Court before disclosure is made. Specifically, if the Court authorizes service of a subpoena, it will require Google to give the account holder an opportunity to object and to notify the Court of any objections it receives from an account holder before Google discloses any objected-to documents to Smile Create.

## IV.   CONCLUSION

Smile Create's application meets the statutory criteria for an order authorizing service of a modified subpoena. While some of the factors that inform the Court's exercise of its discretion under *Intel* favor authorizing service of a modified subpoena, the last factor does not. For the reasons explained above, the Court denies Smile Create's application without prejudice. Smile Create may file an amended proposed subpoena that narrows the documents requested, or it may file an amended or supplemental application in support of its original subpoena, by July 6, 2021.

**IT IS SO ORDERED.**

Dated:   June 4, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge